```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

JOSE ARROYO LOPEZ,                §
                                  §
                  Plaintiff,      §
                                  § Civil Action No. 3:05-CV-2001-D
VS.                               §
                                  §
HYATT CORPORATION, d/b/a          §
HYATT REGENCY D.F.W.,             §
                                  §
                  Defendant.      §
```

MEMORANDUM OPINION
AND ORDER

Defendant moves for summary judgment dismissing the Texas state-law claims of its former employee for defamation and wrongful termination. Concluding that a reasonable jury could not find in plaintiff's favor on either claim, the court grants defendant's motion and dismisses this case with prejudice.

I

Plaintiff Jose Arroyo Lopez ("Lopez") was employed for 24 years by defendant Hyatt Corporation ("Hyatt") at its Hyatt Regency DFW hotel.[1] He was terminated in July 2005 for gross misconduct. During his tenure, he worked primarily in the hotel's Purchasing Department. Lopez's job responsibilities included filling orders requested by hotel departments, transporting goods from the Purchasing Department to other parts of the hotel, occasionally

---

[1]The court recounts the evidence in a light favorable to Lopez as the summary judgment nonmovant and draws all reasonable inferences in his favor. *E.g., U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.) (citing *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000)).

ordering products from vendors, and checking products received from vendors against the invoice that accompanied the product.

In June 2005 Hyatt discovered unexplained invoices involving one of its vendors, prompting a review of all invoices from the vendor dating back to November 2004. A comparison of the invoices to hotel orders and inventories showed that the vendor had submitted invoices for products that the hotel had never received. Robert Spooner ("Spooner"), the hotel's Director of Human Resources, and other persons in the Accounting Department and hotel operations investigated the invoice discrepancies. After Spooner reviewed the initial audit of the invoices, he determined that proper procedures had not been followed in the Purchasing Department. The signatures of three purchasing employees were on the false invoices: Lopez, Phil Rager ("Rager"), and Brandon Ricketson ("Ricketson"). Spooner interviewed each of these three employees individually. Certified Forensic Examiner Earl Bleser ("Bleser") and Director of Audit Services Chad Reppy ("Reppy") were also present. During Lopez's interview, he was shown a group of nine invoices bearing his signature. Lopez maintains that his signature was forged on the invoices and that he and a hotel accounting clerk both identified the signatures as forgeries. Hyatt contends that although Lopez claimed during the interview that his signature was forged on two of the invoices, he did not deny his signature on the others. Hyatt also posits that Lopez

admitted during the interview that sometimes he had signed for products without verifying that they had been received, even though it was his responsibility to perform this verification, and that not doing so violated Hyatt policy.

Hyatt suspended Lopez for three days while the investigation was completed and then terminated his employment for gross misconduct.  Lopez asserts that he was discharged for his failure to follow procedure, but was also terminated based on an accusation of theft of Hyatt property.  Rager and Ricketson were also discharged following the investigation. Lopez maintains that after he was discharged, Spooner told him that Hyatt had been aware of other employees who were responsible for the conduct for which he had been terminated.  He complains that, despite being aware that his signature had been forged and that other employees were responsible for the conduct, Hyatt terminated his employment and Hyatt agents and employees accused him of theft of Hyatt property, disseminating this information to third parties, including other Hyatt employees.

Lopez filed this lawsuit in state court asserting claims for wrongful termination and defamation in connection with the termination of his employment.  Hyatt removed the case based on diversity of citizenship and now moves for summary judgment.

II

The court first considers Lopez's defamation claim.

A

Under Texas law, "[t]o recover for defamation, a private plaintiff must prove that the defendant (1) published a statement, (2) that was defamatory to the plaintiff, (3) while acting negligently as to the truth of the statement." *Montemayor v. Ortiz*, 208 S.W.3d 627, 651 (Tex. App. 2006, pet. filed) (citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). A statement is defamatory if it tends to injure a person's reputation and thereby expose the person to public hatred, contempt, ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation. *See* Tex. Civ. Prac. & Rem. Code § 73.001 (Vernon 2005). "Defamatory statements are 'published' if they are communicated orally, in writing, or in print to some third person capable of understanding their defamatory import and in such a way that the third person did so understand." *Austin v. Inet Techs., Inc.*, 118 S.W.3d 491, 496 (Tex. App. 2003, no pet.) (citing *Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 335 (Tex. App. 1986, no writ)).

Hyatt moves for summary judgment on the ground, among others, that Lopez has failed to adduce evidence that Hyatt published the defamatory statements on which he relies to establish his defamation claim. Because Lopez will have the burden of proof on

- 4 -

this claim at trial, Hyatt can meet its summary judgment obligation by pointing the court to the absence of evidence to support an essential element of the claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, Lopez must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandatory if Lopez fails to meet this burden. *Little*, 37 F.3d at 1076. His failure to produce proof as to any essential element renders all other facts immaterial. *Edgar v. Gen. Elec. Co.*, 2002 WL 318331, at *4 (N.D. Tex. Feb. 27, 2002) (Fitzwater, J.) (citing *Celotex Corp.*, 477 U.S. at 323).

B

It appears from Lopez's brief that his defamation claim is based on two groups of statements. *See* P. Br. 11 (citing P. App. 8-11 and 33). The first occurred when Spooner accused Lopez of stealing Coke products and molasses. *See* P. App. 8, 10. The second occurred when Spooner presented Lopez with a written statement (an "Employee Discussion Form") that said he was being discharged for "Gross Misconduct" because he had "allowed for a food vendor to submit for payment false invoices. These invoices

- 5 -

were for substantial amounts of money. No product was received for these invoices." P. App. 33.

Hyatt argues, in relevant part, that Lopez's defamation claim consists entirely of statements made directly to him during a meeting convened as part of the investigation and during a second meeting, in which he was informed of his termination. It points to the absence of evidence that anyone from Hyatt made defamatory statements about Lopez to anyone else. And it maintains that although Lopez avers that he heard rumors about one unidentified person's stating that he had been fired because he stole, he cannot identify the person or the source of the person's information. Hyatt contends that Lopez has no evidence that Hyatt made any statement about him to a third party.

In response, Lopez points to the meeting in which Spooner allegedly accused him of stealing Coca-Cola products and molasses and to the termination document Spooner prepared. He asserts that Spooner communicated to multiple Hyatt employees that Lopez had been terminated for stealing, creating an atmosphere at Hyatt where the rumor circulated widely.

C

The court concludes that Lopez has not adduced sufficient evidence to raise a genuine issue of material fact that Hyatt published the defamatory statements on which he relies. Lopez asserts in his brief that Spooner communicated to other multiple

Hyatt employees that he had been terminated for stealing. But apart from the conclusory allegation itself, Lopez points to no summary judgment evidence that Spooner communicated the allegedly defamatory statements to multiple Hyatt employees.

Lopez supports this assertion about Spooner by citing pages 19-23 and 32 of his appendix. *See* P. Br. 11 (citing P. App. 19-23 and 32). These consist of six pages from Lopez's deposition. Within these pages, however, Lopez does not specifically demonstrate any basis for averring that Spooner communicated the allegedly defamatory statements to any third party, much less to multiple Hyatt employees. Lopez in fact conceded at one point that he did not know whether Spooner or anyone else had told anyone that Lopez had been stealing from Hyatt. P. App. 21.

Lopez also testified that he had heard rumors. Specifically, he stated that the day he was terminated, he passed by one housekeeping person (or perhaps several) and overheard that he had been discharged because he stole. *Id.* at 21-23, and 32. He could not identify these persons, *id.* at 23, and he did not know how they found out that he had been fired for stealing, *id.* at 32. The mere fact that Lopez overheard one housekeeper (or more) state on the date of his discharge that he had been fired for stealing is insufficient evidence for a reasonable jury to find that Spooner communicated defamatory statements to any Hyatt employees. No reasonable jury could conclude, based on the evidence presented,

that Spooner published defamatory statements about Lopez to any third party.[2]

Accordingly, the court grants Hyatt's motion for summary judgment dismissing Lopez's defamation claim.

III

Lopez also sues Hyatt for wrongful termination.

A

Lopez maintains that Hyatt has attempted to avoid liability for its defamation and wrongful termination by construing its defamatory statements to indicate that Lopez failed to follow policy procedures, resulting in substantial losses to Hyatt. He cites three cases for the proposition that, in Texas, an employer cannot give one reason for terminating an employee and then change

---

[2]Lopez does not argue in his brief that Spooner published defamatory statements to a third party by making the accusation about stealing Cokes and molasses in the presence of Bleser and Reppy during the investigation meeting, or providing a copy of the termination document to Todd Jaffee, the Hyatt Assistant Human Resources Director, during the termination meeting. To the extent he intends to rely on this conduct to establish publication, he has cited no cases that demonstrate that Texas would recognize as third-party publications statements made or documents disseminated only during a private meeting, in the presence only of persons who were investigating possible employee misconduct or were involved in terminating the employee and advising him of the reasons for his termination. Accordingly, the court need only address whether Lopez has adduced sufficient evidence to permit a reasonable jury to find that Spooner communicated the allegedly defamatory statements to other employees on occasions other than during the two private meetings with Lopez and others involved in the investigation or termination.

the reason.[3]  Hyatt's proffered reason for discharging Lopez was that he "allowed for a food vender to submit for payment false invoices.  These invoices were for substantial amounts of money.  No product was received for these invoices."  P. App. 33.  Lopez appears to argue that Hyatt initially accused him of stealing, and for this reason terminated him, but then changed its reason to his failure to follow company procedures.

Lopez next argues that the at-will doctrine is not meant to relieve employers of liability for wrongful termination of an employee based on statements that are defamatory per se and falsely accuse an employee of an unlawful act.  He contends that terminating an employee based on a statement that is defamatory per se constitutes wrongful termination.  Lopez posits that he was wrongfully terminated based on false accusations that he committed a crime, despite Hyatt's knowledge of their falsity, that the Texas at-will doctrine does not allow termination for an unlawful reason, and that his termination based on a defamatory statement and false accusation of a crime is an unlawful act.

B

The general rule in Texas is that, "absent a specific agreement to the contrary, employment may be terminated by the

---

[3]*See* P. Br. 14 (citing *Levy v. Jarrett*, 198 S.W. 333 (Tex. Civ. App. 1917, no writ); *Measday v. Kwik-Kopy Corp.*, 713 F.2d 118 (5th Cir. 1983); *Phoenix Ins. Co. v. Ross Jewelers, Inc.*, 362 F.2d 985, 988 (5th Cir. 1966)).

employer or the employee at will, for good cause, bad cause, or no cause at all." *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998) (citing cases). Employment "is presumed to be at-will in Texas." *Midland Judicial Dist. Cmty. Supervision & Corrections Dep't v. Jones*, 92 S.W.3d 486, 487 (Tex. 2002) (per curiam) (citing *Montgomery County Hosp. Dist.*, 965 S.W.2d at 502). "In order for an employee to avoid the effects of the employee-at-will doctrine, he must show that the employer unequivocally expressed its intent to be bound not to terminate the employment except under clearly specified circumstances or conditions." *Farone v. Bag'n Baggage, Ltd.*, 165 S.W.3d 795, 799 (Tex. App. 2005, no pet.) (citing *Jones*, 92 S.W.3d at 488). Otherwise, the employment-at-will doctrine "allows an employee to quit or be fired without liability on the part of the employer or employee, with or without cause." *Reyna v. First Nat. Bank*, 55 S.W.3d 58, 71 (Tex. App. 2001, no pet.) (citing *Rios v. Tex. Commerce Bancshares, Inc.*, 930 S.W.2d 809, 814 (Tex. App. 1996, writ denied); *Massey v. Houston Baptist Univ.*, 902 S.W.2d 81, 83 (Tex. App. 1995, writ denied); *Reynolds Mfg. Co. v. Mendoza*, 644 S.W.2d 536, 538 (Tex. App. 1982, no writ)).

Lopez does not argue that his employment with Hyatt was not an employment at-will. And he does not contend that Hyatt discharged him for refusing to perform an illegal act, thus coming within this narrow exception to the employment-at-will doctrine. *See Sabine*

*Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985) ("We now hold that public policy . . . requires a very narrow exception to the employment-at-will doctrine . . . [and that] narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act."). Accordingly, a reasonable jury could only find that Lopez was employed at-will and therefore was subject to termination at any time, with or without cause.

C

Lopez's reliance on three cases to contend that Hyatt could not give one reason for terminating him, and then change the reason, is misplaced. None of these cases involved an at-will employee, and none indicated that an employer could not terminate an at-will employee for one reason and then later change the reason.

Lopez also maintains that terminating an employee based on a statement that is defamatory per se or based upon false accusations that he committed a crime constitutes wrongful termination. He argues that under the employment-at-will doctrine, the termination can be for any reason, provided it is not an unlawful one. But Lopez cites no Texas case that supports his argument. Texas recognizes a narrow exception to the employment-at-will doctrine when an employer terminates an employee based on his refusal to perform an illegal act. *Sabine Pilot Serv., Inc.*, 687 S.W.2d at

735.  A reasonable jury could not find that Lopez falls within this narrow exception.  At best, it could only find that Hyatt terminated Lopez's employment for bad cause.  But since this is permissible under the at-will doctrine, Lopez is precluded from recovering for wrongful termination.

\*   \*   \*

For the foregoing reasons, Hyatt is entitled to summary judgment dismissing Lopez's claims for defamation and wrongful termination.  This lawsuit is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

April 25, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE